JS 44   (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

Drew Webster

**DEFENDANTS**

Atwell, LLC

**(b)**  County of Residence of First Listed Plaintiff   Grand Traverse County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Oakland
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

R.J. Cronkhite (P78374), Cronkhite Counsel PLLC
36800 Woodward Avenue, Ste. 310, Bloomfield Hills, MI 48304
T: (248) 309-8602  /  rj@cronkhitelaw.com

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government
     Plaintiff
- [x] 3  Federal Question
     *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government
     Defendant
- [ ] 4  Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                      *and One Box for Defendant)*

|                                        | PTF | DEF |                                                                 | PTF | DEF |
|----------------------------------------|-----|-----|-----------------------------------------------------------------|-----|-----|
| Citizen of This State                  | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State    | [ ] 4 | [ ] 4 |
| Citizen of Another State               | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation                                                  | [ ] 6 | [ ] 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [x] 710 Fair Labor Standards Act | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | [ ] 871 IRS—Third Party 26 USC 7609 | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1331, 29 U.S.C. § 201

Brief description of cause:
Recovery of unpaid overtime wages under the Fair Labor Standards Act

## VII.  REQUESTED IN COMPLAINT:

- [x] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
>$75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   [x] Yes   [ ] No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
August 5, 2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.　　　　Is this a case that has been previously dismissed?　　　　☐ Yes
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　■ No

　If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.　　　　Other than stated above, are there any pending or previously
　　　　discontinued or dismissed companion cases in this or any other　　☐ Yes
　　　　court, including state court? (Companion cases are matters in which　■ No
　　　　it appears substantially similar evidence will be offered or the same
　　　　or related parties are present and the cases arise out of the same
　　　　transaction or occurrence.)

　If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes :

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**DREW WEBSTER**, Individually and
On Behalf of Others Similarly Situated,

     *Plaintiff*,

v.

**ATWELL, LLC**,

     *Defendant*.

Case No.: _____
Hon. _____

## COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

Plaintiff, Drew Webster, through his undersigned counsel, filed his Collective Action Complaint and Jury Demand against Defendant Atwell, LLC, for the reasons set forth below.

## NATURE OF THE ACTION

1. Plaintiff, Drew Webster ("Webster" or "Plaintiff"), on behalf of himself and all others similarly situated, brings this lawsuit to recover unpaid wages and unpaid overtime wages and other damages from Defendant Atwell, LLC ("Atwell" or "Defendant") under the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. § 201 *et seq.*

2. Webster worked for Defendant Atwell as a Landman from approximately July 10, 2023, until approximately April 15, 2024.

3.     Webster and the other similarly situated employees were incorrectly classified by Atwell as independent contractors but were in fact, based on the economic reality factors, employees of Atwell.

4.     Webster and the other similarly situated employees who worked for Atwell in the last three years regularly worked more than 40 hours per workweek.

5.     Webster, and the putative collective action members, did not receive overtime premium payments for hours worked in excess of 40 hours during the workweek.

6.     Instead, Atwell paid Webster, and the putative collective action members, a flat rate for each day worked ("day rate"), without overtime premium compensation for hours worked in excess of 40 hours in a workweek.

7.     Webster, and the putative collective action members, never received a guaranteed salary.

8.     Because Webster and the putative collective action members were never paid a salary, the white-collar exemptions to the FLSA do not apply, regardless of the job duties performed by Webster and the putative collective action members.

9.     Atwell is therefore liable to Webster, and the Putative Collective Action Members, for the *per se* violation of the FLSA.

10.     This collective action seeks to recover the unpaid wages and unpaid overtime wages and other damages owed to Webster and the other similarly situated

workers.

## JURISDICTION AND VENUE

11.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.  20 U.S.C. § 216(b).

12.     This Court also has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

13.     Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this District.

14.     Plaintiff, Drew Webster, is a resident of Grand Traverse County, Michigan.

15.     Atwell conducts substantial business operations in this District.

16.     Atwell has its principal place of business at Two Towne Square, Suite 700, Southfield, Michigan 48076.

17.     According to the Michigan Secretary of State and the Department of Licensing and Regulatory Affairs, Atwell maintains the following listed registered agent for service of process: Cogency Global Inc., 186 N. Main Street, 2nd Floor, Suite One, Plymouth, Michigan 48170.

## PARTIES

18.     Webster worked for Atwell as a Landman from approximately July 10,

2023, until approximately April 15, 2024.

19.     Throughout his employment with Atwell, Atwell incorrectly and illegally misclassified Webster, and other similarly situated Atwell employees, as an independent contractor and paid Webster, and other similarly situated Atwell employees, a day rate—with no overtime compensation despite working substantial overtime hours.

20.     Contrary to Atwell's misclassification, Webster's relationship with Atwell, as well as those of other similarly situated Atwell employees, was actually an employer/employee relationship based on the economic realities factors.

21.     Webster brings this action on behalf of himself and all other similarly situated employees of Atwell who worked more than 40 hours in any given work week and who did not receive the proper overtime compensation based on Atwell's misclassifications and "day rate" compensation scheme.

22.     Although these employees regularly worked more than 40 hours each week, Atwell paid these employees a fixed day rate without overtime, regardless of the hours worked, and failed to pay overtime compensation in violation of the FLSA.

23.     The similarly situated employees, or Putative Collective Action Members, sought to be certified are defined as follows:

> **All day rate workers utilized by Atwell who were classified as independent contractors, who worked in excess of 40 hours in any given workweek, and who were not paid overtime compensation at any time during the past three (3) years (the "Putative Collective Action Members").**

24.     The Putative Collective Action Members are easily ascertainable from Atwell's business and personnel records.

## COVERAGE UNDER THE FLSA

25.     At all relevant times, Atwell has been an employer within the meaning of the Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

26.     At all relevant times, Atwell has been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

27.     At all relevant times, Atwell has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). Atwell has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as tools and equipment—that have been moved in or produced for commerce.

28.     In each of the last three years, Atwell has had annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

29.     At all relevant times, Webster and the Putative Collective Action Members were engaged in commerce or in the production of goods for commerce.

30.     Atwell treated Webster and the Putative Collective Action Members as employees and uniformly dictated the pay practices that applied to them.

5

31.     Atwell's pay scheme, by which Atwell deprived Webster and the Putative Collective Action Members of compensation for all of the overtime hours that they performed overtime work is, in and of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

32.     Atwell's pay scheme, depriving Webster and the Putative Collective Action Members of overtime compensation for weeks in which they worked over 40 hours is, in and of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

## FACTUAL ALLEGATIONS

33.     To provide services, Atwell hired personnel (similar to Webster) to work on their behalf, including other Landmen, Right-of-Way ("ROW") Agents, and other land acquisition personnel.

34.     During the relevant period, Webster worked for Atwell  in excess of 40 hours a week for weeks at a time.

35.     During the relevant period, Webster worked for Atwell and was paid a day rate.

36.     During the relevant period, Webster was not paid overtime for the hours he worked for Atwell in excess of 40 hours each week.

37.     Webster reported directly to Atwell's management-level employees.

38.     Without the job performed by Webster, Atwell would not have been able to complete its business objectives.

39.     Webster was economically dependent on Atwell and relied on Atwell for work and compensation.

40.     Atwell  dictated the amount and the type of compensation that Webster would receive.

41.     Webster was not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform his job duties.

42.     Webster was never paid a salary.

43.     If Webster did not work in a week, he did not receive a guaranteed amount of at least $684.00.

44.     Atwell knew Webster regularly worked overtime for Atwell.

45.     Atwell set Webster's schedule and compensation; supervised him; and required him to adhere to strict guidelines, directives, and Atwell's policies and procedures.

46.     The work Webster performed was an essential part of Atwell's core businesses.

47.     Atwell uniformly denied, refused, or failed to pay Webster overtime compensation for the hours he worked in excess of 40 hours in a single workweek.

48.     Webster was not exempt from overtime.

49.     Atwell's compensation policy violated the FLSA because it deprived

Webster of overtime pay for the hours that he worked in excess of 40 hours in a single workweek.

50.     Atwell knew, or showed reckless disregard for whether Webster was not exempt from the FLSA's overtime provisions.

51.     Atwell knew, or showed reckless disregard for whether, the conduct described in this Complaint violated the FLSA.

52.     The overtime owed to Webster will be calculated using Atwell's records.

53.     Webster sustained damages arising out of Atwell's illegal and uniform employment policy.

54.     Atwell is liable under the FLSA for failing to pay overtime to Webster.

55.     Consistent with Atwell's illegal compensation policy, Webster was not paid the proper premium overtime compensation when he worked more than 40 hours in a workweek.

56.     As part of its regular business practices, Atwell intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Webster.

57.     Atwell was aware, or should have been aware, that the FLSA required Atwell to pay Webster an overtime premium for all hours worked in excess of 40 hours per workweek.

## <u>COLLECTIVE ACTION ALLEGATIONS</u>

58.     Webster brings this claim as a collective action under the FLSA.

59.     Webster has signed his consent to be a Plaintiff in a collective action and it is attached hereto as **Exhibit 1**.

60.     Based on his experiences with Atwell, Webster is aware that Atwell's illegal and unlawful practices and/or pay policies were imposed on the Putative Collective Action Members.

61.     Webster's experiences are typical of the experiences of the Putative Collective Action Members.

62.     Webster has no interest contrary to, or in conflict with, the Putative Collective Action Members that would prevent collective action treatment.

63.     The specific job titles or precise work locations of the Putative Collective Action Members do not prevent collective treatment.

64.     The Putative Collective Action Members are similarly situated to Plaintiff Webster in all relevant respects.

65.     The Putative Collective Action Members were victimized by Atwell's illegal pattern, practice, and/or policy which was in willful violation of the FLSA.

66.     To provide services, Atwell hired personnel (similar to the Putative Collective Action Members) to work on their behalf.

67.     During the relevant period, the Putative Collective Action Members

worked for Atwell in excess of 40 hours a week.

68.    During the relevant period, the Putative Collective Action Members worked for Atwell and were paid on a day rate basis.

69.    During the relevant period, the Putative Collective Action Members were not paid overtime for the hours they worked for Atwell in excess of 40 hours each week.

70.    The Putative Collective Action Members reported directly to Atwell's management-level employees.

71.    Throughout their employment with Atwell, the Putative Collective Action Members regularly worked more than 40 hours each week without receiving overtime compensation. Instead, Atwell paid them the same day rate, regardless of how many hours they worked in a day.

72.    Without the job performed by the Putative Collective Action Members, Atwell would not have been able to complete its business objectives.

73.    The Putative Collective Action Members were economically dependent on Atwell and relied on Atwell for work and compensation.

74.    Atwell dictated the amount and the type of compensation that the Putative Collective Action Members would receive.

75.    The Putative Collective Action Members were not required to possess any unique or specialized skillset (other than that maintained by all other workers in

their respective positions) to perform their job duties.

76.     The Putative Collective Action Members were never paid a salary.

77.     If the Putative Collective Action Members did not work in a week, they did not receive a guaranteed amount of at least $684.00.

78.     Atwell knew the Putative Collective Action Members regularly worked overtime for weeks at a time.

79.     Atwell set the Putative Collective Action Members' schedules and compensation; supervised them; and required them to adhere to strict guidelines, directives, and Atwell's policies and procedures.

80.     The work the Putative Collective Action Members performed was an essential part of Atwell's core businesses.

81.     Atwell uniformly denied, refused, or failed to pay the Putative Collective Action Members overtime compensation for the hours they worked in excess of 40 hours in a workweek.

82.     The Putative Collective Action Members were not exempt from overtime.

83.     Atwell's compensation policy violated the FLSA because it deprived the Putative Collective Action Members of overtime pay for the hours they worked in excess of 40 hours in a single workweek.

84.     Atwell knew, or showed reckless disregard for whether, the Putative

Collective Action Members were not exempt from the FLSA's overtime provisions.

85.    Atwell knew, or showed reckless disregard for whether, Atwell's conduct described in this Complaint violated the FLSA.

86.    The overtime compensation owed to the Putative Collective Action Members will be calculated using the Atwell's records and the same formulae that apply to Webster.

87.    The Putative Collective Action Members sustained damages arising out of Atwell's illegal and uniform compensation and misclassification policy.

88.    Atwell is liable under the FLSA for failing to pay overtime to the Putative Collective Action Members when they worked in excess of 40 hours in any given workweek.

89.    Consistent with Atwell's illegal compensation and misclassification policy, the Putative Collective Action Members were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

90.    As part of its regular business practices, Atwell intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to the Putative Collective Action Members.

91.    Atwell's illegal compensation and misclassification policy deprived the Putative Collective Action Members of the premium overtime wages owed to them under federal law.

92.     Atwell was aware, or should have been aware, that the FLSA required them to pay the Putative Collective Action Members an overtime premium for all hours worked in excess of 40 hours per workweek.

93.     A collective action is superior to other available means for fair, efficient, and consistent adjudication of the lawsuit.

94.     Indeed, Webster estimates that the Putative Collective Action Members, including both current and former Atwell employees misclassified as independent contractors, include scores if not hundreds of members. The precise number of Putative Collective Action Members will be readily ascertainable upon review of Atwell's employment, tax, and payroll records.

95.     Absent a collective action, many of the Putative Collective Action Members would not obtain redress for their injuries, and Atwell would reap the unjust benefits of violating the FLSA.

96.     Further, even if some of the Putative Collective Action Members could afford individual litigation against Atwell, it would be unduly burdensome to the judicial system.

97.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Collective Action Members, as well as provide judicial consistency.

98.     The questions of law and fact that are common to each Putative

13

Collective Action Member predominate over any questions affecting solely the individual members.

99. Among the common questions of law and fact are:

a. Whether Atwell misclassified the Putative Collective Action Members as independent contractors, rather than as employees within the meaning of the FLSA;

b. Whether Atwell's decision to not pay overtime compensation to these workers was made in good faith;

c. Whether the Atwell's violations of the FLSA were willful; and

d. Whether Atwell's illegal and unlawful compensation and misclassification practices applied to the Putative Collective Action Members.

100. Webster knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

101. Even if the issue of damages were somewhat individualized in character, the damages can be calculated by reference to Atwell's records, and there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

102. There are many similarly situated Putative Collective Action Members who have been denied, refused, or not paid overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and

14

the opportunity to join it.

103.   This notice should be sent to the Putative Collective Action Members, and the Putative Collective Action Members should be allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

104.   Those similarly situated employees are known to Atwell, are readily identifiable, and can be located through Atwell's records.

## COUNT I
## VIOLATION OF THE FLSA

105.   Webster realleges and incorporates by reference all allegations in preceding paragraphs.

106.   Webster brings his FLSA claim as a collective action under 29 U.S.C. § 216(b).

107.   Atwell violated, and continues violating, the FLSA by failing to pay Webster and the Putative Collective Action Members overtime compensation.

108.   Webster and the Putative Collective Action Members were Atwell's employees, not independent contractors, for purposes of the FLSA's overtime requirements.

109.   Atwell was Webster's and the Putative Collective Action Members' employer under the FLSA. Atwell suffered or permitted Webster and the Putative Collective Action Members to work for, or on, its behalf during the relevant period.

110.   Atwell failed to pay Webster and the Putative Collective Action

Members overtime as required by the FLSA.

111. Atwell paid Webster and the Putative Collective Action Members the same day rate, regardless of the number of overtime hours worked in a day or in a given workweek.

112. Atwell knowingly, willfully, or in reckless disregard, carried out this illegal pattern or practice of failing to pay Webster and the Putative Collective Action Members overtime compensation.

113. Atwell's failure to pay overtime compensation to Webster and the Putative Collective Action Members was neither reasonable, nor was the decision not to pay overtime made in good faith.

114. Accordingly, Webster and the Putative Collective Action Members are entitled to overtime wages under the FLSA, plus liquidated damages, attorney's fees, and costs.

## **REQUESTED RELIEF**

**FOR THESE REASONS**, Plaintiff Drew Webster, individually and on behalf of the Putative Collective Action Members, requests that the Court enter a money judgment against Defendant Atwell, LLC, in favor of Webster and the Putative Collective Action Members, and respectfully requests that this Court grant the additional following relief:

A. An Order designating this lawsuit as a collective action and authorizing

16

notice pursuant to 29 U.S.C. § 216(b) to the Putative Collective Action Members to permit them to join this action by filing a written notice of consent;

B.      A judgment against Defendant awarding Webster and the Putative Collective Action Members the unpaid overtime compensation owed to them and an additional, equal amount, as liquidated damages;

C.      Declaratory judgement that the practices complained of in this Complaint are unlawful under the FLSA;

D.      An Order awarding Webster's attorneys' fees, costs, and expenses;

E.      Pre- and post-judgment interest at the highest applicable rates; and

F.      Such other and further relief as may be necessary and appropriate under applicable law and in the Court's discretion.

Respectfully submitted,

/s/ R.J. Cronkhite
R.J. Cronkhite (P78374)
**CRONKHITE COUNSEL PLLC**
36800 Woodward Ave., Ste. 310
Bloomfield Hills, MI 48304
T: (248) 309-8602
F: (248) 256-2555
rj@cronkhitelaw.com

/s/ Gabriel A. Assaad
Gabriel A. Assaad
Texas Bar No. 24076189
*EDMI Admission Pending*
Matthew S. Yezierski
Texas Bar No. 24076989
*EDMI Admission Pending*
**MCDONALD WORLEY, PC**
1770 St. James St., Suite 100
Houston, TX 77056
T: (713) 523-5500
F: (713) 523-5501
gassaad@mcdonaldworley.com
matt@mcdonaldworley.com

Galvin Kennedy
Texas State Bar No. 00796870
**KENNEDY LAW FIRM, LLP**
2925 Richmond Ave., Ste. 1200
Houston, TX 77098
T: (713) 425-6445
F: (888) 389-9317
galvin@kennedyattorney.com

*Attorneys for Plaintiff*

18

# JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of

the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ R.J. Cronkhite
R.J. Cronkhite (P78374)
**CRONKHITE COUNSEL PLLC**
36800 Woodward Ave., Ste. 310
Bloomfield Hills, MI 48304
T: (248) 309-8602
F: (248) 256-2555
rj@cronkhitelaw.com

/s/ Gabriel A. Assaad
Gabriel A. Assaad
Texas Bar No. 24076189
*EDMI Admission Pending*
Matthew S. Yezierski
Texas Bar No. 24076989
Matthew S. Yezierski
Texas Bar No. 24076989
**MCDONALD WORLEY, PC**
1770 St. James St., Suite 100
Houston, TX 77056
T: (713) 523-5500
F: (713) 523-5501
gassaad@mcdonaldworley.com
matt@mcdonaldworley.com

Galvin Kennedy
Texas State Bar No. 00796870
**KENNEDY LAW FIRM, LLP**
2925 Richmond Ave., Ste. 1200
Houston, TX 77098
T: (713) 425-6445
F: (888) 389-9317

galvin@kennedyattorney.com

*Attorneys for Plaintiff*

20