# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Drew Webster,

                Plaintiff,        Case No. 25-12467

v.                         Judith E. Levy
                                United States District Judge

Atwell, LLC,

                                Mag. Judge Kimberly G. Altman

                Defendant.

_____/

## ORDER GRANTING MOTION TO STAY DISCOVERY [32]

On May 28, 2026, Defendant Atwell, LLC filed a motion to stay discovery. (ECF No. 32.) The motion is fully briefed. (ECF Nos. 33, 34.)

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Howard v. Mgmt. & Training Corp.*, No. 13-3443, 2014 WL 12971771, at *3 (6th Cir. Nov. 14, 2014) (quoting *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). And "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further

discovery.'" *Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

The Court agrees with Defendant that a stay of discovery is appropriate in this case. Discovery in this putative collective action is likely to be extensive and arduous. The Court acknowledges that "[g]enerally, the filing of a dispositive motion is insufficient to warrant a stay of discovery." *Wilson v. McDonald's Corp.*, No. 14-11082, 2015 WL 13047572, at *3 (E.D. Mich. Apr. 28, 2015). The Court also acknowledges that Plaintiff and putative collective action members may be prejudiced by an additional stay. However, the Court finds that a stay is appropriate. Defendant's motion to dismiss, if successful, would result in dismissal of Plaintiff's FLSA claim. (*See* ECF No. 31-1, PageID.258 ("The Complaint Should Be Dismissed Because Plaintiff Fails To State A Plausible FLSA Claim.").) And dismissal of the FLSA claim would render moot the need for discovery on potential collective action members.

Plaintiff argues that discovery is necessary for "(1) Plaintiff's employment relationship and economic realities; (2) Defendant's pay policies and classification practices; and (3) information necessary for

2

Plaintiff to establish whether collective action is appropriate and to provide notice to similarly situated workers." (ECF No. 33, PageID.318.) Plaintiff also states that discovery may be needed with regard to the formation of the arbitration agreement. (*Id.* at PageID.315.) In the event that discovery is necessary for those items, the Court will vacate the stay and direct the parties to proceed to discovery.

For the reasons set forth above, Defendant's motion to stay discovery is GRANTED. (ECF No. 32.)

IT IS SO ORDERED.

Dated: June 30, 2026                          s/Judith E. Levy
Ann Arbor, Michigan                        JUDITH E. LEVY
                                                          United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 30, 2026.

                                                          s/Richard Thieme
                                                          RICHARD THIEME
                                                          Case Manager